**In re Richard L. & Dorothy M. FISHELL, Debtors.**

**Richard L. & Dorothy M. FISHELL, Plaintiffs,**

v.

**Robert & Rosalee SOLTOW, Defendants.**

**Bankruptcy No. SL 90–85144. Adv. No. 91-8015.**

United States Bankruptcy Court, W.D. Michigan.

Oct. 4, 1991.

---

Lester N. Turner, P.C., Lester N. Turner, East Lansing, Mich., for plaintiffs.

Fraser, Trebelcock, Davis & Foster, P.C., Mark A. Bush, Lansing, Mich., for defendants.

## OPINION

DAVID E. NIMS, Jr., Bankruptcy Judge.

During the pretrial conference of this adversary proceeding held August 14, 1991, at Grand Rapids, Michigan, there were discussed, *inter alia* the requests by the parties for a jury trial. The defendants had withdrawn their request (although they are willing to proceed in the bankruptcy court if a jury trial is permitted), but the request of the plaintiffs still stands. This action was originally filed in the Eaton County Circuit Court, Case No. 89–366–CH on April 27, 1989. The Debtors filed a Chapter 11 bankruptcy on November 16, 1990, and on January 16, 1991, they filed an application of removal of this action to the bankruptcy court.

■ In the First Amended Complaint, the Plaintiffs state in the "Jurisdiction" section:

This is a non-core proceeding under 28 USC 157(c). Plaintiffs do not consent to the entry of final orders or judgments by the bankruptcy judge in this action. However, Plaintiffs have filed a demand for jury trial and Plaintiffs would consent to the entry of final orders or judgments by the bankruptcy judge on all matters submitted to a jury.

I do hold that this is a non-core related proceeding, the procedure for which is governed by 28 U.S.C. § 157(c).

(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to

the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(c). These subsections provide for either the bankruptcy judge to submit proposed findings of fact and conclusions of law to the district court in non-core related matters, or for the parties to consent to the bankruptcy judge making final determinations. The Plaintiffs have not selected one of these modes, but are attempting to use both. At trial, this would create a morass. Basically, the parties have not consented and therefore, the bankruptcy court must submit a proposed findings of fact and conclusions of law to the district court.

■ As long as the Plaintiffs withhold their consent to having the bankruptcy judge enter any final order or judgment, the Plaintiffs' jury trial request to the bankruptcy court is vitiated. This inconsistency has recently been addressed in this district.

This Court agrees with those courts which have concluded that the bankruptcy courts cannot conduct jury trials on non-core matters without the parties' consent. *In re Cinematronics, Inc.,* 916 F.2d 1444, 1451 (9th Cir.1990); *In re Edwards,* 104 Bankr. 890, 899 ([Bkrtcy.] E.D.Tenn.1989). This Court finds that exercising de novo review of a jury's verdict in the Bankruptcy Court would be directly contrary to the proscriptions of the Seventh Amendment. *JRT, Inc. v. TCBY Systems, Inc. (In re JRT, Inc.),* No. 1:91 CV 69, 1991 WL 202361, at *2, 1991 U.S.Dist. LEXIS 7888, at *4 (W.D.Mich. May 24, 1991). *See also*

*Pratincole Co. v. TCBY Systems, Inc. (In re Pratincole Co.),* No. 1:91 CV 70, 1991 WL 202365, 1991 U.S.Dist. LEXIS 7844 (W.D.Mich. May 23, 1991) and *NFO Saginaw Valley Commodity Cooperative, Inc. v. Krawczyk (In re NFO Saginaw Valley Commodity Cooperative, Inc.),* No. G85–459 CA (W.D. Mich. July 9, 1985).

■ Due to the current posture of this case, there is no reason to consider whether or not the Plaintiffs herein have the right to a jury trial in the bankruptcy court. The jury's opinion would only be advisory, which is certainly not what is intended by the Seventh Amendment. Absent unconditional consent by both parties for this court to hold a jury trial and to enter final orders or judgments, the bankruptcy court lacks jurisdiction to hold a jury trial.

■ The Plaintiffs removed this action from the state court to the bankruptcy court and agreed to trial dates of November 18, 1991, through November 22, 1991, in pretrial conference on August 14, 1991. This court has not received any notice that the reference has been withdrawn, and thus a bench trial will commence on November 18, 1991, subject to any order to the contrary from the district court.